FILED

1    Anna Y. Park, SBN 164242
     Michael J. Farrell, SBN 266553
2    EQUAL EMPLOYMENT                                 10 AUG 18  PM 4: 21
3    OPPORTUNITY COMMISSION                    CLERK U.S. DISTRICT COURT
     LOS ANGELES DISTRICT OFFICE                CENTRAL DIST. OF CALIF.
4    255 E. Temple Street, 4th Floor                       LOS ANGELES
5    Los Angeles, California 90012                BY:_____
6    Telephone: (213) 894-1080
     Facsimile: (213) 894-1301
7    E-mail: lado.legal@eeoc.gov
8
     Attorneys for Plaintiff
9    U.S. EQUAL EMPLOYMENT
10   OPPORTUNITY COMMISSION
11
12          IN THE UNITED STATES DISTRICT COURT
13      FOR THE CENTRAL DISTRICT OF CALIFORNIA
14   U.S. EQUAL EMPLOYMENT           )   CIVIL ACTION NO. CV 10  6179
15   OPPORTUNITY COMMISSION,         )                        GHK (FmOx)
16                                   )   COMPLAINT
              Plaintiff,             )
17                                   )
18               v.                  )   [Title VII – Sex Discrimination,
                                     )   Retaliation]
19   GARFIELD MEDICAL CENTER,        )
20   INC.                            )
                                     )   JURY TRIAL DEMAND
21            Defendant.             )
22
23                      NATURE OF ACTION
24          This is an action under Title VII of the Civil Rights Act of 1964 and Title I
25   of the Civil Rights Act of 1991 to correct unlawful employment practices on the
26   basis of sex, retaliation, and constructive discharge, and to provide appropriate
27   relief to Charging Party Vannessa Rodriguez, Claimants April Oropeza and
28   Evelyn Basco, and a Class of similarly situated individuals who were adversely

affected by such practices (hereinafter collectively referred to as "Aggrieved Employees"). As alleged with greater particularity in Paragraph 7 below, the Aggrieved Employees were subjected to unwelcome, offensive verbal and physical conduct of a sexual nature by a coworker, another employee of the Defendant, which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile work environment. Defendant knew or should of known of the hostile work environment, but failed to take prompt, effective remedial action. Plaintiff also alleges that Defendant retaliated against Charging Party Rodriquez for complaining of the hostile work environment by terminating her employment. In addition, Plaintiff alleges that Defendant constructively discharged other similarly situated employees where it permitted the hostile environment to continue and worsen to the point that it rendered their working conditions so intolerable that they were forced to resign.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 2000e-5(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant Garfield Medical Center, Inc. (the "Defendant Employer"), has continuously been a California corporation doing business in the State of California and the City of Monterey Park, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Charging Party Vannessa Rodriguez filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least 2003, Defendant Employer engaged in unlawful employment practices at its Monterey Park, California, facility in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and -3(a).

(a)    An employee of the Defendant subjected the Aggrieved Employees to regular, repeated, and unwelcome harassment based on sex. Specifically, the offending employee subjected the Aggrieved Employees to sexual harassment including, but not limited to, daily vulgar sexual comments about female employees' bodies; inappropriate touching of female employees' arms and rubbing of female employees' shoulders; threatening comments about sex and female body parts; derogatory comments about a male employee's gender expression; repeated propositioning of female employees for romantic dates and sex for pay; graphic discussions of sexual behavior and activities; and obscene comments about the bodies of underage female patients.

(b)    The Aggrieved Employees did not approve of, or welcome, the offending employee's obscene and objectively hostile behavior. The harassing behavior was sufficiently severe and pervasive to adversely affect the terms and

1   conditions of the Aggrieved Employees' employment and to create a hostile,

2   abusive work environment.

3       (c)    Defendant Employer knew or should have known of the hostile work

4   environment. Several employees expressly complained to Defendant's managers

5   and Human Resources staff about the offending employee's harassing behavior.

6       (d)    Defendant Employer failed to take prompt, effective remedial action

7   to correct the hostile work environment and permitted the harassment to continue

8   and worsen.

9       (e)    Charging Party Rodriguez engaged in a statutorily protected activity

10  when she complained of the harassment to the Defendant Employer.    The

11  Defendant Employer retaliated against Charging Party Rodriguez for making the

12  complaint by terminating her employment.

13      (f)    Defendant Employer constructively discharged other similarly

14  situated employees where it permitted the hostile environment to continue and

15  worsen to the point that it rendered their working conditions so intolerable that

16  they were forced to resign.

17  8.    The effect of the practices complained of in Paragraph 7 above has been to

18  deprive the Aggrieved Employees of equal employment opportunities and

19  otherwise adversely affect their status as employees, because of their sex and/or in

20  retaliation for engaging in a statutorily protected activity.

21  9.    The unlawful employment practices complained of in Paragraph 7 above

22  were intentional.

23  10.    The unlawful employment practices complained of in Paragraph 7 above

24  were done with malice or with reckless indifference to the federally protected

25  rights of the Aggrieved Employees.

26                         **PRAYER FOR RELIEF**

27          Wherefore, the Commission respectfully requests that this Court:

28

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex and retaliation.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant Employer to make whole the Aggrieved Employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay of Charging Party and any Claimants or members of the Class of similarly situated individuals whom Defendant Employer constructively discharged.

E.    Order Defendant Employer to make whole the Aggrieved Employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

F.    Order Defendant Employer to make whole the Aggrieved Employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including emotional pain,

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.     Order Defendant Employer to pay the Aggrieved Employees punitive damages for its malicious and reckless conduct described in Paragraph 7 above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 18, 2010                    Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
LOS ANGELES DISTRICT OFFICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 6179 GHK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 02/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| GARFIELD MEDICAL CENTER, INC. | ) |
| *Defendant* | ) |

Civil Action No. **CV10 6179**

GHK (FMOx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  GARFIELD MEDICAL CENTER, INC.
through Agent for Service of Process
C T CORPORATION SYSTEM
818 W 7TH ST
LOS ANGELES CA 90017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

ANNA Y. PARK
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 E. TEMPLE STREET, 4TH FLOOR
LOS ANGELES, CA 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*

Date:   **18 AUG 2010**

AO 440 (Rev. 02/09)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | GARFIELD MEDICAL CENTER, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012 (213) 894-1083 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and -3(a), defendant subjected the employees to harassment based on sex and retaliation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV10 6179

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No    ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No    ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved .

X. SIGNATURE OF ATTORNEY (OR PRO PER):                                    Date August 18, 2010

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |