Anna Y. Park, SBN 16424
Derek W. Li, SBN 150122
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1716
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Stuart W. Rudnick, SBN 073908
Alyce Rubinfeld, SBN 109748
Musick, Peeler and Garrett LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017
Telephone: (213) 629-7600
Facsimile: (213) 624-1376
E-Mail: s.rudnick@mpglaw.com

Attorneys for Defendant
AHMC GARFIELD MEDICAL CENTER LP
dba Garfield Medical Center

JS-6

**FILED: 11/22/11**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No: 10-CV-06179-GHK (SJHx) ) |
| Plaintiff, | ) ) **[~~PROPOSED~~] CONSENT DECREE** |
| v. | ) ) |
| AHMC GARFIELD MEDICAL CENTER LP *dba* GARFIELD MEDICAL CENTER, INC, and DOES 1-10, Inclusive, | ) The Honorable George H. King ) U.S. District Court Judge ) ) |
| Defendants. | ) ) ) ) ) ) |

# I.

## INTRODUCTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant AHMC Garfield Medical Center LP, a California limited partnership, dba Garfield Medical Center ("Medical Center"), agree to entry of this Consent Decree ("Decree") to resolve the Commission's Second Amended Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Complaint alleges that Charging Party and other similarly situated individuals (collectively referred to as "Claimants") were subjected to unlawful employment practices because of sex (female), constructively discharged, and retaliated against in violation of Sections 703(a) and 704(a) of Title VII.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Parties to this Decree are the EEOC and the Medical Center (collectively, "Parties"). This Decree shall be binding on and enforceable against Medical Center, its management (including all managerial or supervisory employees), agents, successors and assigns.

B.    The Parties have entered into this Decree in order to:

1.    Provide appropriate monetary and injunctive relief;

2.    Ensure that Medical Center's employment practices comply with Title VII;

3.    Ensure a work environment free from sexual/sex-based discrimination, harassment and retaliation;

4.    Ensure training for all Medical Center employees, including managers, supervisors, leads, and human resources employees with respect to their obligations and rights under Title VII;

5.    Provide an appropriate and effective mechanism for receiving

[Proposed] Consent Decree

1   and handling discrimination, harassment, and retaliation complaints in the
2   workplace.

3       C.      AHMC Healthcare Inc. ("AHMC") provides various management
4   services to Medical Center, including services related to human resources
5   administration and equal employment opportunity obligations.  Medical Center
6   agrees to and shall require AHMC to comply with certain delineated terms of this
7   Decree as expressly set forth below.  While not a party to the underlying suit,
8   AHMC agrees to be bound by the injunctive relief terms of this Decree that are
9   specifically applicable to AHMC.

10      D.      This Decree is intended to resolve disputed claims and is not an
11  adjudication or finding that Medical Center violated Title VII or any other federal
12  employment statute.  This Decree shall not be construed in any way as an admission
13  of any liability on Medical Center's part.

14                                  **III.**
15                          **RELEASE OF CLAIMS**

16      A.      This Decree completely and finally resolves all claims made in the
17  EEOC's Second Amended Complaint filed in the United States District Court,
18  Central District of California on October 15, 2010, in the action captioned *U.S.*
19  *Equal Employment Opportunity Commission vs. AHMC Garfield Medical Center LP*
20  *dba Garfield Medical Center, Inc. and DOES 1-10, Inclusive*; Case No. 10-CV-
21  06179-GHK(FMOx) (hereafter "Action").

22      B.      Nothing in this Decree shall be construed to preclude the EEOC from
23  bringing suit to enforce this Decree in the event that Medical Center fails to comply
24  with the applicable terms of the Decree.

25      C.      Nothing in this Decree shall be construed to limit or reduce Medical
26  Center's obligation to comply fully with Title VII or any other federal employment
27  statute.

28      D.      This Decree in no way affects the EEOC's right to bring, process,

1  investigate or litigate other charges that may be in existence or may later arise
2  against Medical Center, in accordance with standard EEOC procedures.

3  **IV.**

4  **JURISDICTION**

5  A.    The Court has jurisdiction over the Parties and the subject matter of this
6  Action.  The First Amended Complaint asserts claims that, if proven, would
7  authorize the Court to grant the relief set forth in this Decree.  The terms and
8  provisions of this Decree are fair, reasonable, and just.  This Decree conforms with
9  the Federal Rules of Civil Procedure and Title VII and does not derogate the rights
10  or privileges of any person.

11  B.    The Court shall retain jurisdiction over this Action for the duration of
12  the Decree for the purposes of entering all orders, judgments and decrees that may
13  be necessary to fully implement the relief provided herein.

14  **V.**

15  **EFFECTIVE DATE AND DURATION OF DECREE**

16  A.    The provisions and agreements contained herein are effective
17  immediately on the date which this Decree is entered by the Court ("Effective
18  Date").

19  B.    The Decree shall remain in effect for three (3) years after the Effective
20  Date and will expire on its own terms, unless the EEOC consents to terminate the
21  Decree after two years (as set forth below) or the Court grants an extension upon
22  motion by the EEOC.

23  C.    If Medical Center demonstrates compliance with the Decree for a
24  period of two years, the Decree may be terminated with the consent of the EEOC.
25  Although consent shall not be unreasonably withheld, whether or not compliance
26  has been demonstrated is a matter to be determined by the EEOC in its sole
27  discretion.

28

[Proposed] Consent Decree

# VI.

## DECREE ENFORCEMENT

A. If the Commission has reason to believe that Medical Center has failed to comply with any applicable provision of the Decree, the Commission shall notify Medical Center, and its attorney of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Decree that the Commission believes has/have been breached and the facts or allegations upon which the Commission bases its belief.  Absent a showing that the delay will cause irreparable harm, Medical Center shall have thirty (30) days from the date of notice ("Dispute Resolution Period") to attempt to comply or cure the breach.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the Commission.

C. Should Medical Center fail to cure the breach to the Commission's satisfaction within the Dispute Resolution Period, Commission may bring a motion before this Court to enforce the Decree.

D. Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree.

# VII.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party.

B. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the

[Proposed] Consent Decree

1 parties are unable to reach agreement, the Court shall order the appropriate

2 alternative provisions necessary to effectuate the purpose of the Decree.  In any such

3 event, the remaining provisions will remain in full force and effect.

## VIII.

## MONETARY RELIEF

A.    **Settlement Sum**

In settlement of all claims that were made, or could have been made, in this

Action, Medical Center shall pay a total of $530,000 ("Settlement Sum").  Of this,

$430,000 will be distributed to currently identified Claimants.  The remaining

$100,000 will be allocated to a class fund ("Class Fund"), for payment to as-yet to

be identified Claimants ("Prospective Claimants").  Allocation of the Settlement

Sum to be paid to each Claimant shall be at the sole discretion of the EEOC.

B.    **Payments to Currently Identified Claimants**

Following the Effective Date, the EEOC shall provide Medical Center with a

list ("Distribution List") containing the name, address, and amount of money to be

distributed to each currently identified Claimant.  Within twenty (20) business days

of the delivery of the Distribution List and IRS Form W-9s, Medical Center shall

send, via certified mail, a check to each of the currently identified Claimants in

amounts designated by the EEOC.

C.    **Establishing the Class Fund**

1.    Within ninety (90) days of the Effective Date, Medical Center

shall deposit money into the Class Fund escrow account as required by this Decree.

Within ten (10) business days after such deposit, Medical Center shall provide the

EEOC with written verification of the funding.

2.    The Class Fund shall be used to make payments to Prospective

Claimants who timely submit claims and whom the EEOC determines to be eligible

to receive monetary relief in this Action.

D.    **Notice to Prospective Claimants/Claims Process**

1.    Within thirty (30) days of the Effective Date, Medical Center shall forward to the EEOC a list (Prospective Claimant List) containing the names, date of birth, most current last known addresses, telephone numbers, social security number, and any forwarding employment information for the following individuals:

(a)    Current and former female Medical Center Admitting Department employees (non supervisory) who were employed during the period beginning December 4, 2006 and ending February 2, 2009 ("Relevant Time Period").

(b)    Current and former female Medical Center employees who worked as triage nurses and emergency room technicians in (or in close proximity to) the Admitting Department's emergency room admitting area during the Relevant Time Period.

(c)    Current and former female housekeepers who were employed by a contract service provider and who worked during the Relevant Time Period as housekeepers in (or the vicinity of) the main or emergency room admitting areas, provided that Medical Center is able to obtain the names of such persons from the contract service provider and addresses for such persons.  The Medical Center shall in good faith use its best efforts to obtain such names and addresses from the contract service provider and such efforts shall be described in its initial report to be submitted to the EEOC as set forth below.

2.    Within sixty (60) days of the Effective Date, Medical Center shall send to each individual identified in the Prospective Claimant List a notice and questionnaire.  The notice shall inform each Prospective Claimant of the Action, the existence of a Class Fund, eligibility criteria, procedures for making a claim and EEOC contact information.  For any notice and questionnaire returned as undeliverable, Medical Center shall make reasonable efforts to find an alternative address through a database search and resend the notice.

7

[Proposed] Consent Decree

1          3.     Within 180 days of the Effective Date, the EEOC shall evaluate

2    all claims submitted by Prospective Claimants, make a determination as to the

3    Prospective Claimant's eligibility, and forward to Medical Center a list ("Class

4    Distribution List") containing the names, mailing addresses, and the amount of

5    money from the Class Fund to be distributed to the persons whose names appear on

6    the list ("Eligible Claimants").  The EEOC has the sole discretion in determining

7    Claimant eligibility.  The EEOC also has sole discretion to determine any monetary

8    amount allocated from the Class Fund to any Eligible Claimant.  The EEOC's

9    determination of these issues is final, and Medical Center agrees that it will neither

10   participate in, nor object to, the EEOC's determinations.

11        E.   **Class Fund Payments and Residual Class Fund**

12         1.     Within ten (10) business days of receiving the EEOC's Class

13   Distribution List, Medical Center shall direct the escrow agent to forward payment

14   from the Class Fund to each Eligible Claimant, via certified mail, return receipt

15   requested, as determined by the EEOC and reflected in the Class Distribution List.

16         2.     If the entire Class Fund of $100,000 is not expended for payment

17   of claims the EEOC deems to be legitimate, then the remainder may be used by

18   Medical Center for purposes allowed and approved by the EEOC.  Allowable

19   purposes may include payment of the cost of additional training (e.g. cross-cultural

20   sensitivity training) or making a donation in the name of the Medical Center to a

21   charity approved by the EEOC.  Any allowed training will be in addition to training

22   required under the terms of this Decree.

23        F.   **Compensatory Damages**

24      All amounts distributed under the terms of this Decree constitute

25   compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The

26   monies shall be designated as non-wage compensatory damages and no tax

27   withholding shall be made.  Medical Center shall issue an IRS Form 1099 – Misc. to

28   each Claimant and Eligible Claimant in the amount of her check and shall make

1  such reports as necessary and appropriate under state and federal tax laws.

2        G.    **Copies of Payment Related Documents**

3        Within three (3) business days of the issuance of each settlement check and

4  any IRS Form 1099s, Medical Center shall provide a copy of each check, Form

5  1099, and related correspondence to the Regional Attorney, Anna Y. Park, U.S.

6  Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor,

7  Los Angeles, CA 90012.

8  **IX.**

9  **CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

10        A.    Medical Center shall expunge from the official personnel files of

11  Claimants all references, if any, to the charge of discrimination filed against Medical

12  Center or the Claimant's participation in this Action.

13        B.    Medical Center shall expunge from the official personnel file of

14  Charging Party any negative complaints, reports, criticism, and any other documents

15  reflecting negatively on her job performance from 2007 to the present.  Medical

16  Center shall reclassify the termination of Charging Party to voluntary resignation.

17        C.    Medical Center shall refrain from providing a negative reference about

18  any Claimant and limit employment references related to Claimants to verifying

19  whether the identified Claimant was employed by Medical Center, the last position

20  in which the Claimant was employed, and the duration of employment with Medical

21  Center.

22  **X.**

23  **GENERAL INJUNCTIVE RELIEF**

24        A.    **Non-Discrimination and Non-Retaliation**

25            1.    **Discrimination**

26        Medical Center, its management (including all managerial or supervisory

27  employees), agents, successors, assigns, and all those in active concert or

28  participation with them, or any of them, shall be enjoined from:

9
[Proposed] Consent Decree

1        (a)     engaging in any employment practices at the Medical

2  Center that discriminate on the basis of sex;

3        (b)     engaging in or being a party to any action, policy or

4  practice that has the effect of harassing or intimidating any Medical Center

5  employee on the basis of sex; and

6        (c)     creating, facilitating or permitting the existence of a work

7  environment that is hostile to any Medical Center employee on the basis of sex.

8          2.  **Retaliation**

9     Medical Center, its management (including all managerial or supervisory

10  employees), agents, successors, assigns, and all those in active concert or

11  participation with them, or any of them, shall be enjoined from engaging in,

12  implementing, or permitting any action, policy or practice that retaliates against any

13  current or former Medical Center employee or applicant because he or she has in the

14  past or during the term of this Decree:

15        (a)     opposed any practice he or she reasonably believed to be

16  made unlawful under Title VII;

17        (b)     filed a charge with the EEOC alleging such a practice;

18        (c)     testified or participated in any manner in any investigation

19  (including any internal investigation undertaken by Medical Center), proceeding in

20  connection with this case and/or relating to any claim of a Title VII violation;

21        (d)     was identified as a possible witness or claimant in this

22  Action;

23        (e)     asserted any rights under this Decree; or

24        (f)     sought and/or received any relief in accordance with this

25  Decree.

26     B.  **Posting**

27     Within ten (10) business days after the Effective Date, Medical Center shall

28  post in clearly visible locations frequented by its employees a notice in the form

1   attached as Exhibit A.  The postings shall remain posted for the duration of this

2   Decree.  In the alternative, Medical Center may disseminate the notice to each

3   employee within sixty (60) days after the Effective Date and on an annual basis for

4   the duration of the Decree.

5          C.     **Equal Employment Opportunity Consultant**

6          Within forty-five (45) days after the Effective Date, Medical Center shall

7   retain an Equal Employment Opportunity Consultant ("Consultant") to monitor

8   Medical Center and AHMC's compliance with Title VII and this Decree.  The

9   Consultant shall have demonstrated experience in the area of employment

10  discrimination and sex harassment issues.  The Consultant shall be subject to the

11  EEOC's approval, which shall not unreasonably be withheld.  If the EEOC does not

12  approve Medical Center's proposed Consultant, the EEOC shall provide Medical

13  Center with a list of at least three suggested candidates acceptable to the EEOC, and

14  Medical Center shall retain one of these candidates.  Medical Center shall bear all

15  costs associated with the selection and retention of the Consultant and the costs of

16  the performance of the Consultant's duties.  For the term of the Decree, the

17  Consultant's responsibilities shall include:

18          1.     Assisting Medical Center and AHMC in reviewing and/or

19  revising the Medical Center's discrimination, harassment, and retaliation policies

20  and procedures, as well as its complaint procedures related to harassment,

21  discrimination and retaliation, to ensure that they fully comply with Title VII and all

22  requirements set forth in this Decree;

23          2.     Ensuring that all Medical Center employees, including

24  management, supervisory, lead and human resources employees, are trained on their

25  rights and responsibilities under Title VII and this Decree, including the

26  responsibility to provide a workplace free of discrimination, harassment and

27  retaliation;

28          3.     Ensuring that all Medical Center employees, including

1 management, supervisory, lead, and human resources employees, are trained on

2 policies and procedures relating to sexual/sex-based harassment and retaliation;

3        4.    Monitoring and tracking all investigations and resolutions of any

4 Medical Center complaints of sexual/sex-based harassment and retaliation to ensure

5 compliance with Title VII and this Decree;

6        5.    Ensuring that Medical Center and AHMC properly communicate

7 with Medical Center complainants regarding the complaint procedure, status of the

8 complaint, results of the investigation, and any remedial action taken;

9        6.    Ensuring that Medical Center and AHMC create a centralized

10 system of tracking Medical Center's discrimination, harassment, and retaliation

11 complaints, as required by this Decree, including a system for retaining records

12 regarding investigation and resolution of all such complaints;

13        7.    Ensuring that Medical Center's disciplinary policies hold

14 employees and managers accountable for failing to take appropriate action regarding

15 complaints of harassment, or retaliation, or for engaging in conduct prohibited under

16 Title VII or this Decree;

17        8.    Preparing a brief semi-annual report on Medical Center and

18 AHMC's compliance with Title VII and this Decree;

19        9.    Ensuring that Medical Center accurately compiles and timely

20 submits all reports required by this Decree; and

21        10.    Further ensuring Medical Center and AHMC's full compliance

22 with the spirit and the letter of the terms of this Decree.

23    D.    **Policy and Procedure Concerning Discrimination, Harassment,**

24 **Retaliation**

25        1.    Within Ninety (90) days of the date the Effective Date, Medical

26 Center and AHMC shall, with the assistance of the Consultant, review and, if

27 necessary, revise the Medical Center's policy and internal complaint procedure for

28 discrimination, harassment, and retaliation.

2.      The policy shall include:

(a)      a clear explanation of prohibited conduct under Title VII, including sexual/sex-based harassment and examples;

(b)      an internal complaint procedure

(c)      an assurance that Medical Center shall hold all employees, including management, supervisory, lead, and human resources employees, accountable for engaging in conduct prohibited under Title VII and/or failing to take appropriate action to address discrimination, harassment or retaliation.

3.      The internal complaint procedure shall clearly state that:

(a)      an employee who believes that he or she has suffered discrimination, harassment or retaliation may file an internal complaint using the internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b)      employees may initiate an internal complaint verbally or in writing to any appropriate person, and that no special form is required;

(c)      Medical Center shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

(d)      the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, or to provide contact information to EEOC and state and local Fair Employment Practice agencies; and

(e)      if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

4.      The internal complaint procedure shall ensure that Medical Center and AHMC will:

(a)    maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

(b)    take every reasonable step to promptly resolve complaints;

(c)    promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations who is not connected with the complaint;

(d)    interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)    provide opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f)    communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(g)    track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken;

(h)    follow up with a complainant after resolution of the complaint to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against.

5.    The internal complaint procedure shall also provide an appeal procedure to an appropriate Medical Center or AHMC representative, should the complainant be dissatisfied with the results of an internal investigation.

6.    The internal complaint procedure shall not require that the complainant confront his or her harasser.

7.    The internal complaint procedure shall not require that complaints be filed in written form.

8.    Within ninety (90) days of the Effective Date, Medical Center

14

[Proposed] Consent Decree

1  shall provide the EEOC with a copy of the policies and procedures described in this
2  Section, including the revised internal complaint procedures.

3      9.    Upon receipt, the EEOC shall have thirty (30) days to review
4  and/or comment on the policies and procedures.

5      10.    If the EEOC does not provide comment within thirty (30) days of
6  receiving the revised policies and procedures, Medical Center and AHMC shall
7  cause the policies and procedures described in this Section to be distributed in both
8  English and Spanish to all Medical Center employees, including management,
9  supervisory, lead and human resources employees.  Each employee who receives a
10  copy of the policies and procedures shall sign a form acknowledging receipt.

11      11.    Throughout the term of this Decree, Medical Center shall post
12  the policies and procedures described in this Section, in both English and Spanish,
13  in clearly visible locations frequented by employees.

14      12.    AHMC will apply the policies and procedures, as revised, and
15  complaint tracking procedures to the other facilities it manages.

16    E.    **Training**

17      1.    All non-supervisory Medical Center employees shall be required
18  to attend a sexual harassment training program once every eighteen months during
19  the duration of this Decree.  The Program will be at least one hour in length and
20  shall include coverage of the subjects of equal employment opportunity rights and
21  responsibilities, including, but not limited to, Title VII's prohibitions against
22  sexual/sex-based discrimination, harassment, and retaliation, and policies and
23  procedures for reporting and handling complaints of sexual/sex-based
24  discrimination, harassment, and retaliation.  The program shall be presented live or,
25  if the Medical Center's scheduling needs require, via a video presentation.  If the
26  program is presented via a video presentation, there must also be a substantial live
27  component (e.g. question and answer session conducted by a trained human
28  resources employee or other qualified individual).  Training shall be available in

15
[Proposed] Consent Decree

Case 2:10-cv-06179-GHK-SH   Document 21   Filed 11/22/11   Page 16 of 25   Page ID #:131

1  English and Spanish (if needed by employees).  The initial training of non-
2  supervisory employees shall be concluded within one hundred and twenty (120)
3  days of the Effective Date.

4         2.     All supervisory Medical Center employees shall be required to
5  attend a live sexual harassment training program once a year during the duration of
6  this Decree.  The Program will be at least two hours in length and, in addition to the
7  topics listed immediately above, shall include training on how to recognize
8  discrimination/harassment, training on how to take preventative and corrective
9  measures against discrimination/harassment, responsibilities of managers under
10 equal employment opportunity law, training on how to properly handle and
11 investigate complaints of discrimination, and/or harassment in a neutral manner, and
12 prevention of retaliation.  A supervisory employee who is unable or fails to attend a
13 live training session shall view a videotape of the program or receive not less than
14 two hours of live training from a specially trained human resources employee or
15 other qualified individual.  The makeup training must be completed within thirty
16 (30) days of the missed program.  The initial training of supervisory employees may
17 begin September 1, 2011 (even if the Decree has not yet been approved by the
18 Court) and must be concluded within ninety days of the Effective Date.

19        3.     All Medical Center Human Resources Department employees
20 (and AHMC Human Resources employees) whose responsibilities include the
21 administration and enforcement of the Medical Center's sexual/sex based
22 discrimination, harassment and/or retaliation policies and procedures, who have not
23 already completed such training, shall receive advanced Human Resources training
24 ("HR Training") on how to take preventative and corrective measures against
25 discrimination, harassment, and retaliation; how to recognize and stop harassment,
26 discrimination, and retaliation and how to investigate complaints of discrimination,
27 harassment or retaliation.  This HR Training shall be provided by the Consultant
28 and/or through an outside provider approved by the EEOC.

16
[Proposed] Consent Decree

4.      During the duration of the Decree, all new Medical Center employees, all Medical Center employees promoted from a nonsupervisory to a managerial position, and all Medical Center and AHMC employees who are promoted to a position whose responsibilities include the administration and enforcement of the Medical Center's discrimination, harassment and/or retaliation policies and procedures shall receive sexual harassment training, as appropriate, within sixty (60) days of hire or promotion.  Newly promoted employees can receive the training through a videotaped presentation if it differs from the training they received within the past twelve months.

5.      All employees required to attend a sexual harassment training program under the terms of this Decree, shall verify their attendance in writing.

6.      Within thirty (30) days after the Effective Date, Medical Center shall submit to the EEOC a description of the training provided or to be provided pursuant to this Decree and an outline of the curriculum developed for the trainees. EEOC may provide comment within thirty (30) days regarding any necessary revisions to the trainings.

7.      The EEOC shall be provided with a minimum of ten (10) business days' advance written notice of the date, time, and location of each training program provided pursuant to this Decree, and an EEOC representative may attend any such training program.

F.      **Toll Free Number**

Medical Center and AHMC shall continue to maintain a toll-free complaint hotline ("hotline") and disseminate the information regarding the hotline to all Medical Center employees.  Medical Center and AHMC shall inform Medical Center employees that a complaint can be lodged at any time with the toll-free complaint hotline.  The hotline shall provide the option to speak to a Spanish-speaking hotline representative.  All calls to the hotline shall be tracked during the term of the Decree, and the Consultant shall have access to all tracking records or

17

call logs.  Medical Center and AHMC shall also publicize to Medical Center employees the EEOC general toll-free number of (800) 669-4000.

## XI.

## RECORD-KEEPING AND REPORTING

A.   **Record Keeping**

Medical Center and AHMC shall work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

1.   All documents generated in connection with any complaint of discrimination, harassment and/or retaliation, including documents relating to all investigations or resolutions of any such complaints and the identities of all witnesses identified by the complainant and/or through Medical Center's investigation;

2.   All forms acknowledging employees' receipt of Medical Center's discrimination, harassment, and retaliation policy; and

3.   All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.   All documents generated in connection with the monitoring, counseling, and disciplining of employees whom Medical Center determines to have engaged in behavior that may constitute sexual/sex-based discrimination, harassment and/or retaliation;

Within ten (10) business days following a written request by the EEOC Medical Center shall make available to the EEOC any aforementioned records related to any complaint of sexual/sex-based discrimination, harassment or retaliation.

B.     **Reporting**

In addition to the notice and reporting requirements above, Medical Center, with the cooperation of AHMC, shall provide the following reports to the EEOC in writing, by mail or e-mail:

1.     Within ninety (90) days after the Effective Date, Medical Center shall submit to EEOC an initial report containing the following information regarding Medical Center and AHMC's actions under this Decree:

(a)     A copy of any revised discrimination, harassment and retaliation policy required under the terms of this Decree, including the complaint procedures;

(b)     A summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of sexual/sex-based discrimination, harassment, and retaliation complaints and the monitoring of such complaints;

(c)     A statement confirming that the required notices pertaining to this Decree have been posted and that the sexual/sex-based discrimination, harassment, and retaliation policy have been posted;

(d)     A statement confirming all training required under this Decree has been initiated and/or completed; and

(e)     A statement confirming that Medical Center has complied with Section IX of this Decree (Claimant Specific Injunctive Relief).

2.     Medical Center shall also provide semi-annual reports throughout the term of this Decree containing the following information regarding Medical Center and AHMC's actions under this Decree:

(a)     Complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

(b)     Acknowledgements of receipt of the sexual/sex-based discrimination, harassment and retaliation policy for all employees hired during the

19
[Proposed] Consent Decree

1 | previous six months;

2 |                (c)     A description of all Medical Center sexual/sex-based

3 | discrimination, harassment, and retaliation complaints made, investigated, or

4 | resolved in the previous six-months, including the names of the complainants; the

5 | nature of the complaint; the names of the alleged perpetrators of sexual/sex-based

6 | discrimination, harassment, or retaliation; the dates of the alleged sexual/sex-based

7 | discrimination, harassment or retaliation; a brief summary of how each complaint

8 | was resolved; the identity of each Medical Center or AHMC employee(s) who

9 | investigated or resolved each complaint; and the identity and most recent contact

10 | information for each witness identified by the complainant and/or investigation.

11 |        3.     Medical Center shall also provide the foregoing report to the

12 | EEOC sixty (60) days prior to the expiration of the two (2) year period following the

13 | Effective Date, so that the EEOC can determine, within its sole discretion, whether

14 | Medical Center has substantially complied with the Decree.  If it determines that

15 | Medical Center has substantially complied with the Decree, the EEOC will consent

16 | to the expiration of the Decree and the Decree will expire two (2) years from the

17 | Effective Date.

18 |        4.     Medical Center shall provide a report detailing any planned

19 | changes to the policies, procedures, or record-keeping methods for complaints, at

20 | least thirty (30) days prior to implementing such changes.

## XII.

## COSTS OF ADMINISTRATION AND
## IMPLEMENTATION OF CONSENT DECREE

Medical Center shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

# IX.

## **MISCELLANEOUS PROVISIONS**

A.     During the term of this Decree, Medical Center shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Medical Center's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.     During the term of this Decree, Medical Center and its successors shall ensure that each of their managers, supervisors, agents, leads, and human resources employees is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

[Proposed] Consent Decree

1    D.    The parties agree to entry of this Decree and judgment subject to final
2  approval by the Court.

3                                       **X.**
4                **COUNTERPARTS AND FACSIMILE SIGNATURES**

5        This Decree may be signed in counterparts.  A facsimile signature shall have
6  the same force and effect of an original signature or copy thereof.

7        All parties, through the undersigned, respectfully apply for and consent to the
8  entry of this Decree as an Order of this Court.

9

10                                       U.S. EQUAL EMPLOYMENT
11                                       OPPORTUNITY COMMISSION

12

13  Dated: November 8,  2011            By:   /s/ Anna Y. Park
14                                            Anna Y. Park, Regional Attorney
15                                            Attorneys for Plaintiff EEOC

16

17                                       AHMC GARFIELD MEDICAL CENTER
                                         LP dba GARFIELD MEDICAL CENTER
18

19

20

21  Dated: October 7, 2011              By:   /s/  Stuart W. Rudnick
22                                            Stuart W. Rudnick
                                              Attorneys for Defendant
23                                            AHMC Garfield Medical Center LP
                                              dba Garfield Medical Center
24

25

26

27

28

[Proposed] Consent Decree

# [~~PROPOSED~~] ORDER

**IT IS HEREBY ORDERED THAT:**

The terms of this Consent Decree is fair and reasonable.  As such, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

Date:   11/22/11                           _____

The Honorable George H. King
United States District Court Judge

23
[Proposed] Consent Decree

# EXHIBIT A

## <u>NOTICE TO ALL EMPLOYEES</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court in *EEOC v. AHMC Garfield Medical Center dba Garfield Medical Center, Inc.*, 10-CV-06179 (C.D. Cal.), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Garfield Medical Center subjected female employees to sexual harassment, constructive discharge, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Garfield Medical Center denies the allegations.

To resolve this lawsuit, the parties have entered into a Consent Decree which provides for monetary relief to a class of affected female employees, and requires Garfield Medical Center to perform the following injunctive relief:

1.   Review and, if necessary, revise its policies against discrimination and retaliation and its internal complaint procedures,

2.   Provide periodic sexual harassment training for employees and managers,

3.   Establish a record-keeping procedure and a centralized tracking system, with periodic reports to the EEOC, and

4.   Retain a consultant to monitor its practices and otherwise ensure compliance with the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, age, and genetic information.  If you believe you have been discriminated against, you may contact the EEOC at 255 East Temple Street, 4th Floor, Los Angeles, California, 90012, or you may call (213) 894-1000.  The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any management official for any of the following:

1.   Opposing discriminatory practices made unlawful by federal law,
2.   Filing a charge or participating in the filing of a charge of discrimination, or
3.   Assisting or participating in an investigation brought under Title VII.

Any such retaliatory actions should be reported to the EEOC at the address listed above.

## <u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material.

Date:_____        _____

                                   The Honorable George H. King
                                   United States District Court Judge