Anna Y. Park, SBN 16424
Sue Noh. SBN 192134
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1716
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

**FILED: 12/15/14**

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Stuart W. Rudnick, SBN 073908
Musick, Peeler and Garrett LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017
Telephone: (213) 629-7600
Facsimile: (213) 624-1376
E-Mail: s.rudnick@mpglaw.com

Attorneys for Defendant
AHMC GARFIELD MEDICAL CENTER LP
dba Garfield Medical Center

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AHMC GARFIELD MEDICAL CENTER LP *dba* GARFIELD MEDICAL CENTER, INC, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No: 10-CV-06179-GHK (SJHx)<br><br>[~~PROPOSED~~] **AMENDED CONSENT DECREE** |

00736.002 922785.1

# I.

# INTRODUCTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant AHMC Garfield Medical Center LP, a California limited partnership dba Garfield Medical Center ("Medical Center"), agree to the entry of this Amended Consent Decree ("Amended Decree").  The original Decree was entered by this Court on November 22, 2011 to resolve the Commission's Second Amended Complaint, filed against the Medical Center under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").  The Second Amended Complaint alleged that a Charging Party and other similarly situated individuals (collectively, "Claimants") were subjected to unlawful employment practices because of sex (female), constructively discharged, and retaliated against in violation of sections 703(a) and 704(a) of Title VII.  The original Decree is due to expire on November 22, 2014.  However, issues related to compliance with certain terms of the original Decree have arisen and the parties have agreed to the entry of this Amended Decree to address and resolve those issues.

# II.

# PURPOSES AND SCOPE OF THE AMENDED DECREE

A.  The Parties to this Amended Decree are the EEOC and the Medical Center (collectively, "Parties").  This Amended Decree shall be binding on and enforceable against Medical Center and its management (including all managerial or supervisory employees), agents, successors, and assigns.

B.  The Parties have entered into this Amended Decree in order to:

1.  Maintain an appropriate and effective mechanism for receiving and handling complaints of sexual/sex-based discrimination, harassment, and retaliation in the workplace; and

2.  Ensure proper reporting and record keeping under the terms of

this Amended Decree.

C.  AHMC Healthcare Inc. ("AHMC") provides various management services to Medical Center, including services related to human resources administration and equal employment opportunity obligations.  Medical Center agrees to and shall require AHMC to comply with certain delineated terms of this Amended Decree as expressly set forth below.  While not a party to the underlying suit, AHMC agrees to be bound by the injunctive relief terms of this Amended Decree which are specifically applicable to AHMC.

D.  This Amended Decree is intended to resolve disputed claims and is not an adjudication or finding that Medical Center violated Title VII or any other federal employment statute.  This Amended Decree shall not be construed in any way as an admission of any liability on Medical Center's part.

## III.

## RELEASE OF CLAIMS

A.  This Amended Decree completely and finally resolves all claims made in the EEOC's Second Amended Complaint filed in the United States District Court for the Central District of California on October 15, 2010, in the action captioned *U.S. Equal Employment Opportunity Commission v. AHMC Garfield Medical Center LP dba Garfield Medical Center, Inc. and DOES 1-10, Inclusive*; Case No. 10-CV-06179-GHK(FMOx) (hereafter "Action").

B.  Nothing in this Amended Decree shall be construed to preclude the EEOC from bringing suit to enforce this Amended Decree in the event that Medical Center fails to comply with the applicable terms of this Amended Decree.

C.  Nothing in this Amended Decree shall be construed to limit or reduce Medical Center's obligation to comply fully with Title VII or any other federal employment statute.

D.  This Amended Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later

arise against Medical Center, in accordance with standard EEOC procedures.

## IV.
## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this Action. The Commission's Second Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Amended Decree. The terms and provisions of this Amended Decree are fair, reasonable, and just. This Amended Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

B. The Court shall retain jurisdiction over this Action for the duration of the Amended Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

## V.
## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately on the date which this Amended Decree is entered by the Court ("Effective Date").

B. This Amended Decree shall remain in effect for one (1) year after the Effective Date and will expire on its own terms unless the Court grants an extension upon motion by the EEOC.

## VI.
## DECREE ENFORCEMENT

A. If the Commission has reason to believe that Medical Center has failed to comply with any applicable provision of the Amended Decree, the Commission shall notify Medical Center and its attorney of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Amended Decree that the Commission believes has/have been breached and the facts or allegations upon which the Commission bases its belief. Absent a showing that the delay will

cause irreparable harm, Defendant shall have thirty (30) days from the date of notice ("Dispute Resolution Period") to attempt to comply or cure the breach.

      B.      The Parties agree to cooperate with each other and to use their best efforts to resolve any dispute raised by the Commission.

      C.      Should Medical Center fail to cure the breach to the Commission's satisfaction within the Dispute Resolution Period, Commission may bring a motion before this Court to enforce the Amended Decree.

      D.      Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Amended Decree.

## VII.
## MODIFICATION AND SEVERABILITY

      A.      This Amended Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Amended Decree shall be effective unless made in writing and signed by an authorized representative of each Party.

      B.      If one or more provisions of this Amended Decree are rendered unlawful or unenforceable, the Parties shall make good-faith efforts to agree upon the appropriate amendments to this Amended Decree necessary to effectuate its purposes. If the parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purpose of the Amended Decree. In any such event, the remaining provisions will remain in full force and effect.

      C.      This Amended Decree supersedes the original Decree entered by this Court on November 22, 2011.

## VIII.

## GENERAL INJUNCTIVE RELIEF

A. **Non-Discrimination and Non-Retaliation**

1. **Discrimination**

Medical Center and its management (including all managerial or supervisory employees), agents, successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from:

(a) engaging in any employment practices at the Medical Center that discriminate on the basis of sex;

(b) engaging in or being a party to any action, policy, or practice that has the effect of harassing or intimidating any Medical Center employee on the basis of sex; and

(c) creating, facilitating, or permitting the existence of a work environment that is hostile to any Medical Center employee on the basis of sex.

2. **Retaliation**

Medical Center and its management (including all managerial or supervisory employees), agents, successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former Medical Center employee or applicant because he or she has in the past or during the term of this Amended Decree:

(a) opposed any practice he or she reasonably believed to be made unlawful under Title VII;

(b) filed a charge with the EEOC alleging such a practice;

(c) testified or participated in any manner in any investigation (including any internal investigation undertaken by Medical Center) or proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(d) been identified as a possible witness or claimant in this Action; asserted any rights under this Amended Decree; or sought and/or received any relief in accordance with this Amended Decree.

B. **Equal Employment Opportunity Consultant**

Medical Center shall continue to retain an Equal Employment Opportunity Consultant ("Consultant") that shall perform duties specified herein to monitor Medical Center's compliance with Title VII and this Amended Decree. Progress Management Resources, Inc. shall remain the Consultant during the term of this Amended Decree. Medical Center shall be solely responsible for the costs of the performance of the Consultant's duties. For the term of this Amended Decree, the Consultant's responsibilities shall include:

1. Ensuring that all Medical Center employees, including management and supervisory, lead, and human resources employees are complying with established policies and procedures related to sexual/sex-based harassment and retaliation and are properly executing their rights and responsibilities under Title VII and this Amended Decree, including the responsibility to provide a workplace free of sexual/sex-based discrimination, harassment, and retaliation;

2. Ensuring that all Medical Center human resources employees (as well as any AHMC human resources employees charged with administering or enforcing the Medical Center's policies and procedures concerning sexual/sex-based discrimination, harassment, and retaliation) have been trained concerning established Medical Center policies and procedures related to sexual/sex-based discrimination, harassment, and retaliation and are properly identifying complaints of sexual/sex-based discrimination, harassment, and retaliation and discharging investigative responsibilities in accordance with the terms of this Amended Decree, specifically Section VIII(D);

3. Monitoring and tracking the investigation and resolution of all complaints of sexual/sex-based discrimination, harassment, or retaliation received

by Medical Center to ensure compliance with Title VII and this Amended Decree;

    4. Ensuring that Medical Center and AHMC properly communicate with Medical Center complainants regarding the complaint procedure, status of the complaint, results of the investigation, and any remedial action taken;

    5. Ensuring that a centralized system of tracking sexual/sex-based discrimination, harassment, and retaliation complaints is established, as required by this Amended Decree, including a system for retaining records regarding the investigation and resolution of all such complaints;

    6. Ensuring that disciplinary policies hold employees and managers accountable for failing to take appropriate action regarding complaints of sexual/sex-based discrimination, harassment, or retaliation, as well as for engaging in conduct prohibited under Title VII or this Amended Decree;

    7. Preparing three reports, to be submitted to the EEOC ninety (90) days after the entry of this Amended Decree, one hundred and eighty (180) days after the entry of this Amended Decree, and sixty (60) days before the expiration of the Amended Decree, respectively, on the effectiveness of the Medical Center's and AHMC's compliance with Title VII and this Amended Decree and the Medical Center's adherence to its policies and procedures related to sexual/sex-based discrimination, harassment, and retaliation;

    8. Ensuring that Medical Center accurately compiles and timely submits all reports required by this Amended Decree; and

    9. Further ensuring Medical Center's and AHMC's full compliance with the spirit and the letter of the terms of this Amended Decree.

 Medical Center will, in consultation with Consultant, maintain existing protocols to ensure that Consultant has the information required for Consultant to fulfill its foregoing responsibilities.

C. **Policy and Procedure Concerning Discrimination, Harassment, Retaliation**

1. Medical Center shall ensure that its established policies and procedures prohibiting sexual/sex-based discrimination, harassment, and retaliation are enforced, and that employees, management, and supervisory, lead, and human resources employees are held accountable for engaging in conduct prohibited under Title VII and failing to take appropriate action to address discrimination, harassment, or retaliation.

2. Medical Center shall also continue to ensure that its internal complaint procedures are followed and enforced, such that:

   (a) an employee who believes that he or she has suffered sexual/sex-based discrimination, harassment, or retaliation is encouraged to file an internal complaint using the internal complaint procedure, and is also notified that he or she may file an external complaint to any appropriate person or agency instead of or in addition to making an internal complaint;

   (b) employees may initiate an internal complaint verbally or in writing to any appropriate person, and that no special form is required;

   (c) Medical Center does not tolerate retaliation against any employee for use of the internal or any external complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in a complaint;

   (d) the internal complaint procedure does not replace the right of any employee to file a charge or complaint of sexual/sex-based discrimination, harassment, or retaliation under any available municipal, state, or federal law, or to provide contact information to EEOC and state and local fair employment practice agencies;

   (e) if an allegation of sexual/sex-based discrimination, harassment, or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge;

  (f) the confidentiality of the complaint, complainant, and investigation is maintained to the fullest extent possible;

  (g) the complainant is not required to confront his or her harasser;

  (h) every reasonable step is taken to resolve complaints promptly;

  (i) investigations into complaints of sexual/sex-based discrimination, harassment, or retaliation are commenced promptly, conducted thoroughly, and carried out by a person trained to conduct such investigations who is not connected with the complaint;

  (j) all relevant witnesses are interviewed, including the complainant, and all relevant documents reviewed;

  (k) opportunity is provided for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

  (l) the complainant is provided with written communications regarding the status of the complaint, the status and results of the investigation, and any remedial action taken;

  (m) investigations are tracked, and written records are maintained of all investigatory steps, investigative findings or conclusions, and remedial actions taken; and

  (n) there is follow-up with a complainant after resolution of the complaint to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against.

  3. Medical Center shall ensure that its internal complaint procedures provide a procedure for appeal to an appropriate Medical Center or AHMC representative, should the complainant be dissatisfied with the results of an internal investigation.

4.      Medical Center shall disseminate its policies and procedures concerning sexual/sex-based discrimination, harassment, and retaliation in languages appropriate to ensure that employees understand the established policies and procedures.  Medical Center and AHMC shall cause the policies and procedures described in this Section to be distributed in both English and Spanish to all Medical Center employees, including management, supervisory, lead and human resources employees on an annual basis.  Each employee who receives a copy of the policies and procedures shall sign a form acknowledging receipt.

5.      Throughout the term of this Amended Decree, Medical Center shall post its policies and procedures concerning sexual/sex-based discrimination, harassment, and retaliation in both English and Spanish, in clearly visible locations frequented by employees.

6.      AHMC will apply the policies and procedures concerning sexual/sex-based discrimination, harassment, and retaliation and complaint tracking procedures to other facilities it manages.

D.   **Investigations**

1.      Medical Center shall ensure that complaints of sexual/sex-based discrimination, harassment, and retaliation are properly investigated, and that actions are taken to ensure prompt corrective and preventative measures.

2.      Medical Center shall ensure that it has three (3) human resources employees who have been properly trained to identify and respond to complaints of sexual/sex-based discrimination, harassment, and retaliation.  Any individual who is assigned to investigate one or more complaints of sexual/sex-based discrimination, harassment, or retaliation on the Medical Center's behalf, including Medical Center or AHMC human resources personnel or a third party retained by the Medical Center, shall be properly trained to ensure that investigations are conducted promptly and effectively.

3.      All employees responsible for the Medical Center's human

resources functions (as well as AHMC human resources employees whose responsibilities include administering and enforcing the Medical Center's policies and procedures concerning sexual/sex-based discrimination, harassment, and retaliation) shall ensure that:

    (a)    Established internal policies and complaint procedures are followed;

    (b)    Sexual/sex-based discrimination, harassment, and retaliation issues are properly identified and investigated promptly;

    (c)    All relevant witnesses are interviewed and investigations are otherwise thorough;

    (d)    Findings are made in a report of the results of the investigation;

    (e)    Where warranted, action is taken to correct and prevent sexual/sex-based discrimination, harassment, and retaliation;

    (f)    Where warranted, individuals are held accountable for any acts or omissions in complying with Title VII obligations, including managers who failed to act promptly and/or effectively; and

    (g)    Investigations are properly monitored and reported as required under the terms of this Amended Decree.

    4.    The Medical Center shall establish a mechanism to review and audit its investigations concerning possible sexual/sex-based discrimination, harassment, and retaliation.

E. **Toll Free Number**

Medical Center and AHMC shall continue to maintain a toll-free complaint hotline ("Hotline") and disseminate the information regarding the Hotline to all Medical Center employees. Medical Center and AHMC shall inform Medical Center employees that a complaint can be lodged at any time with the Hotline. The Hotline shall provide the option to speak to a Spanish-speaking Hotline

representative.  All calls to the Hotline shall be tracked during the term of the Decree, and the Consultant shall have access to all tracking records or call logs. Medical Center and AHMC shall also publicize to Medical Center employees the EEOC general toll-free number of (800) 669-4000.  Defendants shall ensure that issues are properly identified, investigated, and reported.

## IX.

## RECORD-KEEPING AND REPORTING

### A. Record Keeping

Medical Center and AHMC shall, in consultation with the Consultant, maintain a record-keeping procedure that provides for the centralized tracking of sexual/sex-based discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation.

1. The records to be maintained shall include:

   (a) All documents generated in connection with any complaint of sexual/sex-based discrimination, harassment, or retaliation, including documents relating to the investigation or resolution of any such complaints, the identity of each Medical Center or AHMC employee(s) or third party who investigated or resolved each complaint, and the identities of and most recent contact information for all witnesses identified by the complainant or through Medical Center's investigation;

   (b) All documents generated in connection with the monitoring, counseling, and disciplining of employees whom Medical Center determines to have engaged in behavior that may constitute sexual/sex-based discrimination, harassment, or retaliation.

2. Within ten (10) business days following a written request by the EEOC, Medical Center shall make available to the EEOC any aforementioned records related to any complaint of sexual/sex-based discrimination, harassment, or retaliation.  Access to records and personnel shall be made available to the

Consultant to effectuate the terms of this Amended Decree.

B. **Reporting**

In addition to the notice and reporting requirements above, Medical Center, with the cooperation of AHMC, shall provide the following to the EEOC in writing, by mail, or by e-mail:

1. Within ninety (90) days after the Effective Date and every ninety (90) days thereafter, Medical Center shall submit to EEOC copies of the investigation files for all investigations into possible sexual/sex-based discrimination, harassment, or retaliation conducted by or on behalf of the Medical Center over the preceding ninety (90) days.

2. With the assistance of the Consultant, Medical Center shall also provide the EEOC with a report ninety (90) days after the entry of this Amended Decree and every ninety (90) days thereafter during the term of the Amended Decree, with the following information:

(a) Any changes in Medical Center human resources personnel, including the qualifications of any persons new to the Medical Center's Human Resources Department, and the date(s) on which any human resources personnel have or are scheduled to receive training concerning the Medical Center's sexual/sex-based discrimination, harassment, and retaliation policies and procedures;

(b) A statement of compliance or non-compliance with the terms set forth in this Amended Decree.

## X.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Medical Center shall bear all costs associated with the administration and implementation of its obligations under this Amended Decree.

## XIII.

# COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## IX.

## MISCELLANEOUS PROVISIONS

A. During the term of this Amended Decree, Medical Center shall provide any potential successor-in-interest with a copy of this Amended Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Medical Center's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Amended Decree, Medical Center and its successors shall ensure that each of their managers, supervisors, agents, leads, and human resources employees is aware of any term(s) of this Amended Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports, and correspondence required under this Amended Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D. The parties agree to entry of this Amended Decree and judgment subject to final approval by the Court.

## X.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Amended Decree may be signed in counterparts. A facsimile signature shall have the same force and effect as an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Amended Decree as an Order of this Court.

                              U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: November 20, 2014      By:   /s/ Anna Y. Park
                                        Anna Y. Park, Regional Attorney
                                        Attorneys for Plaintiff EEOC

                              AHMC GARFIELD MEDICAL CENTER LP dba GARFIELD MEDICAL CENTER

Dated: November 20, 2014      By:   /s/ Stuart W. Rudnick
                                          Stuart W. Rudnick
                                          Attorneys for Defendant
                                          AHMC Garfield Medical Center LP dba Garfield Medical Center

**[~~PROPOSED~~] ORDER**

**IT IS HEREBY ORDERED THAT:**

The terms of this Amended Consent Decree are fair and reasonable. As such, the provisions of the foregoing Amended Consent Decree are hereby approved, and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Amended Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

Date: 12/15/14_____    _____
　　　　　　　　　　　　　　　　　　　The Honorable George H. King
　　　　　　　　　　　　　　　　　　　United States District Court Judge